UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHELE RENEE PEARSON                                     PLAINTIFF

V.                                      CIVIL ACTION NO. 3:18-CV-782-DPJ-FKB

GUIDEONE AMERICAN INSURANCE
COMPANY & JOEY BLAKENEY                                     DEFENDANTS

ORDER

Plaintiff Michele Renee Pearson asks the Court to remand this action to the Circuit Court of Lauderdale County, Mississippi. *See* Mot. to Remand [15]. Defendant GuideOne American Insurance Company ("GuideOne") and Defendant Joey Blakeney (collectively "Defendants") oppose the motion. For the reasons stated, the Court finds Pearson improperly joined Blakeney to defeat diversity jurisdiction; the motion to remand is denied.

I.      Background

Pearson's suit seeks damages she allegedly suffered when GuideOne terminated her employment as an insurance agent. According to Pearson, GuideOne induced her to become an agent in 1998 by offering a program under which money vested to Pearson based on her in-force book of insurance premiums. Pearson believes GuideOne guaranteed this vested amount as a retirement benefit. But when GuideOne terminated Pearson's employment in September 2017, it gave her a choice: (1) keep the vested amount and forfeit her in-force book of business or (2) keep the in-force business and forfeit the vested money. Pearson chose the latter and forfeited the vested money.

Aggrieved, Pearson brought claims for fraud, breach of contract, conversion, unjust enrichment, negligent infliction of emotional distress, and unconscionability against Defendants in Lauderdale County Circuit Court. Compl. [1-1]. As to Blakeney, GuideOne's sales director

for Mississippi, Pearson generally says he incentivized agents by referencing the vesting program. *See id.* ¶ 10. Defendants removed the case on November 9, 2018, asserting that Pearson improperly joined Blakeney to defeat federal diversity jurisdiction. Notice of Removal [1] ¶¶ 6, 7.

II.     Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1441(a). Defendants premise federal jurisdiction on 28 U.S.C. § 1332, under which district courts have jurisdiction over civil actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The diversity statute requires complete diversity between all named plaintiffs and all named defendants. *See, e.g., Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The improper joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). To that end, "[t]he burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). In evaluating a claim of improper joinder, "we examine if there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Smallwood*, 352 F.3d at 223 (citation omitted and punctuation altered). But "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004) (en banc) (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

"Whether the case was properly removed is determined by reference to the allegations in a plaintiff's state court pleading." *Tedder v. F.M. C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)); *see also Gardner v. Cooksey*, No. 2:11-CV-255-KS-MTP, 2012 WL 968026, at *2 (S.D. Miss. Mar. 21, 2012) ("This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant.") (citations omitted).

A district court should ordinarily resolve an improper-joinder claim by conducting Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573. The Court "must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Similarly, the Court must resolve all ambiguities in controlling state law in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citations omitted).

Finally, "there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. In such cases, the district court has the discretion to "pierce the pleadings" and conduct a summary inquiry. *Id.* Here, Defendants ask the Court to pierce the pleadings and consider Blakeney's affidavit. Defs.' Mem. [18] at 7. As addressed later, the outcome would be the same under either approach.

III. Analysis

Defendants say there is no reasonable basis to predict that state law would impose liability on Blakeney because "[t]he claims for conversion, breach of contract, unjust enrichment and unconscionability apply only to GuideOne" and the claims for negligent infliction of

3

emotional distress and fraud fail to state claim. Defs.' Mem. [18] at 3–4, 7. The Court will consider those arguments in turn.

A. Conversion, Breach of Contract, Unjust Enrichment, and Unconscionability

Although Pearson generically pleaded that all Defendants are liable for her causes of action, there seems to be no dispute that she limits her claims against Blakeney to negligent infliction of emotional distress and fraud. *See* Mot. to Remand [15] ¶ 5. Neither Pearson's opening memorandum nor her reply in support of remand substantively addresses her other claims. Accordingly, there is no basis to predict a viable claim against Blakeney for breach of contract, unjust enrichment, and unconscionability.

B. Negligent Infliction of Emotional Distress

Turning to the claims Pearson does assert as to Blakeney, she alleges that the "Defendants knew or should have known that their acts of commission and/or omission as complained of herein toward the Plaintiff would cause Plaintiff to experience and/or suffer emotional distress and anxiety, such that Defendants negligently inflicted emotional distress and anxiety upon Plaintiff." Compl. [1-1] ¶ 52. She further states in her Reply, "Plaintiff has stated a viable fraud claim and negligent infliction of emotional distress claim against Defendant Joey Blakeney." Pl.'s Reply [19] ¶5.

But to succeed on a negligent-infliction-of-emotional-distress claim, Pearson must prove "some sort of physical manifestation of injury or demonstrable harm, whether it be physical or mental." *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208–09 (Miss. 2001). Here, Defendants argue that the only harm Pearson claims is anxiety, yet the Mississippi Supreme Court has held that anxiety is insufficient to establish negligent infliction of emotion distress. *See* Defs.' Mem. [18] at 7 (citing *McGuffie v. Herrington*, 966 So. 2d 1274, 1278 (Miss. Ct. App.

4

2007)). Pearson ignores Defendants' argument in her reply memorandum and never substantively addresses this claim therein. The Court finds no reasonable basis to predict that this state-law claim would impose liability on Blakeney.[1]

C.   Fraud

Whether diversity jurisdiction exists therefore turns on the viability of Pearson's fraud claim against Blakeney.  *See* Pl.'s Reply [20] at 3–5.  To establish that claim under Mississippi law, Pearson must prove:

> 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) [her] reliance on its truth; 8) [her] right to rely thereon; and 9) [her] consequent and proximate injury.

*Levens v. Campbell*, 733 So. 2d 753, 761–62 (Miss. 1999).

Viewed under a Rule 12(b)(6) standard, Pearson's Complaint fails to adequately plead that Blakeney made a fraudulent representation upon which she relied.  Fraud "allegations must be factual, and not conclusory, because conclusory allegations do not state a claim." *Smith v. Union Nat. Life Ins. Co.*, 187 F. Supp. 2d 635, 650 (S.D. Miss. 2001) (citation omitted). Moreover, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state

---

[1] Pearson's Complaint also asserts a claim for intentional infliction of emotional distress against "Defendants." Compl. [1-1] ¶ 51.  But Pearson does not mention this claim in her motion to remand or her memorandum in support of remand; Defendants did not address this claim in their response in opposition to remand; and Pearson did not raise it in her reply (or the memorandum in support of her reply). The Court construes these omissions as an abandonment of the claim. Even if the Court did consider it, Pearson has not pleaded facts suggesting that Blakeney's acts were "beyond all possible bounds of decency," "atrocious," or "utterly intolerable." *Weible v. Univ. of So. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011).  And finally, Blakeney's affidavit would dispose of the claim for the same reasons explained below.

when and where the statements were made, and explain why the statements were fraudulent."
*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotation marks and citation omitted); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (holding that federal pleading standards apply for improper-joinder analysis).

Here, Pearson's Complaint included the following relevant averments as to Blakeney's alleged misrepresentations and Pearson's reliance upon them:

> That one of the primary inducements of GuideOne, by and through its agents, employees and representatives, including Joey Blakeney, and which was relied upon by the Plaintiff was what GuideOne frequently referred to as a "pay for performance approach to [their] Career Agent commission structure." [Compl. [1-1] ¶ 10]
>
> That as stated previously herein and throughout, Defendants at all times prior to September of 2017 used as an inducement and incentive its "pay for performance" compensation structure which included what can only be generally referred to as a guaranteed retirement program for its Career Agents. [*Id.* ¶ 29]
>
> That Plaintiff relied upon such representations by Defendants, not only in entering into a contractual agreement with GuideOne, in investing approximately $350,000.00 to purchase a "book of business" from a third party and "rolling over" such "book of business" into policies underwritten through GuideOne, but also in Plaintiff's own personal spending habits and not allocating sufficient monies to provide for her retirement. [*Id.* ¶ 30]
>
> That Plaintiff has suffered pecuniary loss as a result of the fraud perpetrated by Defendants. [*Id.* ¶ 33]

These allegations in no way particularize the representations *Blakeney* actually made, where or when he made them, or how they were false—*i.e.*, that Blakeney's specific statements misrepresented how the program worked. *See Dorsey*, 540 F.3d at 339.

The Complaint also omits another significant fact—when Blakeney joined GuideOne. Pearson averred that she was fraudulently induced to join GuideOne in 1998 and was repeatedly misled regarding the vesting program through September 2017. Compl. [1-1] ¶¶ 13, 29. Though

6

perhaps not the best construction of the Complaint, GuideOne has some basis in saying that Pearson attempts to blame Blakeney for these alleged misrepresentations, including those that induced her to join GuideOne in 1998 and purchase a book of business in 2009. But according to Blakeney's unrebutted affidavit, he joined GuideOne in July 2017, about three months before Pearson lost her job. *See* Blakeney Aff. [17-1] ¶ 3. Accordingly, there is no factual way he could have made the alleged false statements before that date.

Given these omissions, summary review is appropriate. *Smallwood*, 385 F.3d at 573. And here, Blakeney flatly states: "I never communicated with Pearson about the vesting benefits program that is the subject of her lawsuit." Blakeney Aff. [17-1] ¶ 7. So whether the Court conducts a Rule 12(b)(6) or summary review, there is no reasonable basis to predict a viable fraud claim against Blakeney.[2]

IV.  Conclusion

The Court has considered all arguments raised; those not addressed would not have changed the outcome. For the reasons stated, Pearson's Motion to Remand [15] is denied. And because this Order rules that Blakeney was improperly joined, all claims against him are

---

[2] Pearson faces an equally big problem with respect to reliance and causation. Assuming Blakeney made a false representation, "not every spoken untruth is actionable as a fraud. It is only if that untruth was designed to, and did, in fact, induce the hearer to change [her] position in justifiable reliance on the untruth that it becomes potentially actionable." *McGee v. Swarek*, 733 So. 2d 308, 312 (Miss. Ct. App. 1998). As stated already, Blakeney could not be responsible for the statements in 1998 upon which Pearson relied when she contracted with GuideOne. *See Levens*, 733 So. 2d at 762 (affirming summary judgment because defendant did not make the allegedly false statement). Nor could she have relied on Blakeney in 2009 when she purchased a book of business. The only other reliance Pearson identifies in her Complaint is her alleged failure to save more money for retirement. Pl.'s Compl. [1-1] ¶30. But she fails to explain how she changed her spending habits between Blakeney's arrival in July 2017 and the termination decision in September 2017. *See Lacy v. Morrison*, 906 So. 2d 126, 130 (Miss. Ct. App. 2004) (affirming summary judgment where plaintiff failed to establish that he would not have purchased a truck but for alleged misrepresentation). That said, Defendants did not squarely assert the savings argument in their memorandum, so the Court would not solely rely upon it.

effectively dismissed without prejudice.  *United Energy Grp., Ltd.*, 818 F.3d at 210.  Finally, the Court stayed Pearson's response to Defendants' joint motion to dismiss [4].  Now that Blakeney has been dismissed, that motion is moot as to him.   So to make things clearer in the record, the Court will dismiss the motion as to GuideOne and allow it to refile limited to the issues that apply to it.  Pearson's response and GuideOne's reply will be due within the deadlines established by local rule.

      **SO ORDERED AND ADJUDGED** this the 11th day of June, 2019.

                                          s/ *Daniel P. Jordan III*
                                          CHIEF UNITED STATES DISTRICT JUDGE